**IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| **MARVIN ABERNATHY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:15-cv-3223** |
| | ) | |
| **EASTERN ILLINOIS RAILROAD** | ( | |
| **COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on Plaintiff Marvin Abernathy's Motion in Limine (d/e 13) and Defendant Eastern Illinois Railroad Company's Motion in Limine (d/e 15). For the reasons that follow, Plaintiff's Motion is GRANTED IN PART and DENIED IN PART. Defendant's Motion is GRANTED IN PART and DENIED IN PART.

## I.  LEGAL STANDARD REGARDING MOTIONS IN LIMINE

Motions in limine are disfavored, as courts prefer to resolve questions of admissibility as they arise. Telewizja Polska USA, Inc. v. Echostar Satellite Corp., No. 02 C 3293, 2005 WL 289967, at *1

(N.D. Ill. 2005); <u>Hawthorn Partners v. AT&T Techs.</u>, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993). "Only evidence that is clearly inadmissible for any purpose should be excluded pursuant to a motion in limine." <u>Tzoumis v. Tempel Steel Co.</u>, 168 F. Supp. 2d 871, 873 (N.D. Ill. 2001). Denial of a motion in limine does not mean that the evidence will be admitted at trial but only that the court could not determine admissibility in advance of trial. <u>United States v. Connelly</u>, 874 F.2d 412, 416 (7th Cir. 1989).

Rule 401 of the Federal Rules of Evidence defines "relevant evidence" as:

> evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Relevant evidence may, however be excluded if:

> its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Fed. R. Evid. 403. "Any party that seeks to exclude evidence on

relevancy grounds by way of a pretrial motion <u>in</u> <u>limine</u> faces an exceptionally high obstacle." <u>Brom v. Bozell, Jacobs, Kenyon & Eckhardt, Inc.</u>, 867 F. Supp. 686, 695 -96 (N.D. Ill. 1994).

## II.  THE CLAIMS IN THE LAWSUIT

Plaintiff filed suit under the Federal Employers' Liability Act, 45 U.S.C. § 51 <u>et</u> <u>seq.</u>  Plaintiff was employed by Defendant. Compl. ¶ 2.  On September 13, 2012, Plaintiff, as part of his duties for Defendant, was on his way to repair track by replacing ties. Compl. ¶ 8.  Plaintiff alleges he was forced to use a backhoe to transport needed ties and equipment because the tie handler—a piece of equipment designed for the specific task being performed by Plaintiff—was not operational, notwithstanding repeated complaints by Plaintiff and other employees.  <u>Id.</u> ¶ 9.  As Plaintiff transported the ties with the backhoe, the load shifted, and the ties spilled from the backhoe onto Route 130.  <u>Id.</u> ¶ 10.  As Plaintiff and a co-worker tried to clean up the spilled ties, Plaintiff suffered injury to his back.  <u>Id.</u> ¶¶ 11, 13.  Plaintiff alleges that he suffered injuries and damages resulting in whole or in part from Defendant's negligence as follows:

(a)     Defendant failed to provide reasonably safe conditions for work in that Defendant required Plaintiff to use improper equipment to perform his assigned tasks;

(b)     Defendant failed to provide reasonably safe conditions for work and failed to provide safe equipment in that Defendant failed to repair or replace the Tie Handler even after being notified about its defective condition;

(c)     Defendant failed to provide reasonably safe conditions for work in requiring Plaintiff to transport ties with improper equipment and with inadequate help in the event of a problem such as the one described above[.]

Compl. ¶ 12.

Defendant raised contributory negligence and set-off as affirmative defenses.  Answer (d/e 3).

### III. THE FEDERAL EMPLOYERS LIABILITY ACT

The FELA provides a federal tort remedy for railroad employees injured on the job.  Williams v. Nat'l R.R. Passenger Corp., 161 F.3d 1059, 1061 (7th Cir. 1998).  Under the FELA, a railroad has a duty to provide is employees with a safe workplace.  Holbrook v. Norfolk S. Ry. Co., 414 F.3d 739, 741 (7th Cir. 2005).

A plaintiff in an FELA case must prove all of the elements of

negligence against the employer—foreseeability, duty, breach, and causation.  Crompton v. BNSF Ry. Co., 745 F.3d 292, 296 (7th Cir. 2014).  However, Congress intended the FELA to provide broad remedial measures for railroad employees.  Consequently, an "injured railroad employee can recover under the FELA as long as the employer's negligence "played any part, even the slightest, in producing the injury ... for which damages are sought."  Kulavic v. Chi. & Ill. Midland Ry. Co., 1 F.3d 507, 512 (7th Cir. 1993) (quoting Rogers v. Mo. Pac. R.R., 352 U.S. 500, 506 (1957)).  Moreover, the jury has "broad discretion to engage in common sense inferences regarding issues of causation and fault."  Harbin v. Burlington N. R.R. Co., 921 F.2d 129, 132 (7th Cir. 1990).

## IV. THE MOTIONS IN LIMINE

**A.    Defendant's Motion in Limine**

     1.    <u>Testimony or Reference That Defendant is Owned in Whole or in Part by the Archer Daniels Midland Company</u>

Defendant asserts that it is a distinct corporate entity and that evidence of its ownership is not a fact in consequence in determining Plaintiff's claims.  Defendant argues that evidence that

Archer Daniels Midland Company (ADM) is the owner of the shares of Defendant is an attempt by Plaintiff to inject the wealth of another corporation, which bears no relevance to the issues presented and is unfairly prejudicial to Defendant.

Plaintiff does not anticipate a need to refer to ADM so long as Everett Fletcher, the President of Defendant, can testify that he was in charge of Defendant's operations without referring to ADM. Therefore, in light of Plaintiff's concession, Motion in Limine No. 1 is GRANTED.

      2.    <u>Any Testimony, Opinion, or Reference to a Tie Crane/Tie Handler</u>

Defendant states that the evidence in this case shows that Defendant made available to Plaintiff certain equipment for the loading and transport of ties to the job site.  That equipment included a truck, a forklift, and an end loader.  No tie crane/tie handler was made available to Plaintiff.  According to Defendant, the issue in this case is whether the equipment provided to Plaintiff was reasonably safe to enable Plaintiff to perform the assigned job task.  Defendant argues that the non-availability of a tie crane/tie

hander is not relevant and will lead to issue confusion. In addition, Plaintiff did not offer or disclose expert testimony on the alternative "tie crane safer method" and, therefore, there is no foundation for the testimony by Plaintiff.

Plaintiff responds that evidence of a safer method—use of a tie crane/tie handler—is relevant to show that the method selected— the backhoe—was not reasonably safe. Plaintiff also asserts that expert testimony is not required where the theory of liability can be understood by a layperson.

Plaintiff testified in his deposition that Defendant owned a tie crane/tie handler but it was inoperable for four or five years prior to the accident. Pl. Dep. at 28 (d/e 19-1). Plaintiff testified that in the four or five years prior to the occurrence, Defendant hired contractors to do big projects and the contractors would bring in a tie handler. Id. Plaintiff's deposition testimony also suggested that Plaintiff had previously requested a tie crane. See id. at 84 (Plaintiff's testimony referring to a letter Plaintiff wrote to Richard Probus, whose position with the company is not provided, which stated that "he had heard me request the tools," which included a

tie crane, and that "[h]e definitely heard about the tie crane"); <u>see also</u> General Manager Timothy Allen Dep. at 26 (d/e 19-2) (testifying that Plaintiff might have requested that the tie crane be repaired or replaced "a time or two over the years").

Proof of a safer alternative is not necessarily proof of negligence. <u>Taylor v. Ill. Central R Co.</u>, 8 F.3d 584, 585 (7th Cir. 1993) (finding the district court did not err by excluding expert testimony about safer alternatives, noting that the evidence would have been superfluous to the evidence already presented). A defendant can provide a safe workplace even if safer workplace alternatives exist. <u>Id.</u>

However, evidence of safer alternatives can be relevant depending on the circumstances. <u>Id.</u> at 586. For instance, evidence of an alternative method may be relevant if there is a dispute whether the employer required the use of a particular method. In that case, evidence of an alternative method is relevant to whether the method used was reasonable. <u>See</u> <u>Stone v. N.Y., C., & St. L. R. Co.</u>, 344 U.S. 407, 409 (1953 ("Whether the straw boss in light of the risks should have used another or different method to

remove the tie or failing to do so was culpable is the issue."); see
also Williams v. Ne. Ill. Reg'l Commuter R.R. Corp., No. 00 C 2250,
2002 WL 1433724, at *9 (N.D. Ill. June 28, 2002) (testimony of
safer alternatives is properly excluded only when it is determined
that the railroad exercised reasonable care).  A jury can infer
negligence from an employer's failure to employ a different method
or take additional precautions to ensure its employee's safety.
Harbin, 921 F.2d at 132 (finding that "a jury could reasonably
conclude that the Railroad's failure to employ a different boiler
cleaning method or take additional precautions to ensure the safety
of its employees was negligent" where there was evidence that the
plaintiff was told what process to use, the process caused so much
soot that the mouth guards supplied by the defendant turned black,
employees made repeated complaints of inadequate ventilation, and
the defendant did not rectify the problem),

Here, Plaintiff claims that Defendant required that Plaintiff use
the backhoe where a tie handler was the appropriate equipment for
the job.  Plaintiff also claims that he complained about the lack of a
tie handler.  Therefore, the Court finds that evidence of the tie

handler is likely admissible.

Moreover, expert testimony is unnecessary on the issue. The FELA statute "vests the jury with broad discretion to engage in common sense inference regarding issues of causation and fault." Id. ("A jury is qualified to infer a general risk of harm to employees forced to labor without ventilation in a sooty environment"); Lynch v. Ne. Reg'l Commuter R.R. Corp., 700 F.3d 906, 915 (7th Cir. 2012) (stating that the Harbin court held that "a jury could reasonably conclude that the failure to implement a different cleaning method such as a vacuum rather than air pressure holes, and the failure to take other precautions such as more effective face masks, was negligent" and that expert testimony was not required regarding the practicality of such measures). If Plaintiff can lay a proper foundation for his testimony that a tie handler is the appropriate equipment for the task and not the backhoe, a jury could infer a risk of harm to employees when Defendant allegedly required that Plaintiff use the backhoe and failed to provide a tie handler for the task.

Therefore, Defendant's Motion in Limine No. 2 is DENIED

without prejudice to objecting to such evidence at trial.  <u>See</u>

<u>Connelly</u>, 874 F.2d at 416 (noting that denial of a motion in limine

does not mean that the evidence will be admitted at trial but only

that the court could not determine admissibility in advance of trial).

      3.    <u>Evidence, Testimony, or Argument Suggesting that</u>
<u>Defendant Subsequently Purchased a Tie Crane/Tie</u>
<u>Handler</u>

Defendant seeks to exclude evidence that Defendant

subsequently purchased a tie crane/tie handler.  Defendant expects

Plaintiff to present evidence that, subsequent to Plaintiff's

termination and more than one-year post-occurrence, Defendant

purchased a tie crane/tie handler for purposes of executing a large-

scale project.  Defendant argues that the admission of post-

occurrence action is not admissible to support an inference of

negligence.

Evidence of subsequent remedial measures is generally not

admissible.  Federal Rule of Evidence 407 provides:

> When measures are taken that would have made an
> earlier injury or harm less likely to occur, evidence of the
> subsequent measures is not admissible to prove:
>
> • negligence;

- culpable conduct;

- a defect in a product or its design; or

- a need for a warning or instruction.

But the court may admit this evidence for another purpose, such as impeachment or--if disputed--proving ownership, control, or the feasibility of precautionary measures.

Fed. R. Evid. 407; <u>Wetherill v. Univ. of Chi.</u>, 565 F. Supp. 1553, 1557 (N.D. Ill. 1983) ("Feasibility of remedial measures . . . denotes whether it would have been practical to have employed them earlier.").

Plaintiff responds that the evidence is relevant to feasibility and to impeach Defendant's contradictory explanations as to why it was feasible for Defendant to purchase a replacement tie handler after the incident but not before.  Plaintiff points to the different explanations from Timothy Allen, Defendant's General Manager, and Everett Fletcher, Defendant's President, for why the tie handler was not replaced before the accident and why it was replaced after the accident.  <u>See</u> Fletcher Dep. at 29-30 (testifying that the tie

handler was probably not replaced before the accident because of money); Allen Dep. at 25-26 (testifying that the tie hander was not replaced before the accident because of fears Plaintiff would misuse or abuse the tie handler and testifying that the tie handler was replaced after the accident because Defendant had a job that required its use); see Willis v. BNSF R.R. Co., No. 11-1208, 2013 WL 5491951 (C.D. Ill. Oct. 2, 2013) (denying motion in limine to bar subsequent remedial measures where the plaintiff wanted to admit evidence about the use of brake sticks to show that the method was feasible at the time of the plaintiff's injury and expert testimony was not necessary); but see Edsall v. CSX Transp. Inc., No. 1:06-CV-389, 2008 WL 244344, at *6 (N.D. Ind. Jan. 28, 2008) (where feasibility was not controverted, and where there was no evidence that the defendant planned to obtain a spike puller prior to the incident, evidence that the defendant ordered a spike puller after the incident was not admissible).

Because Plaintiff may be able to present evidence of subsequent remedial measures for a purpose other than proving negligence, Defendant's Motion in Limine No. 3 is DENIED without

prejudice to Defendant objecting to such evidence at trial.  <u>See</u>

<u>Connelly</u>, 874 F.2d at 416 (noting that denial of a motion in limine

does not mean that the evidence will be admitted at trial but only

that the court could not determine admissibility in advance of trial).

If such testimony is allowed at trial, the Court will give the jury a

limiting instruction.

   4. <u>Reference, Comment, Argument, or Testimony Stating or</u>
     <u>Tending to Suggest that Plaintiff and Defendant</u>
     <u>Negotiated a Settlement Agreement or that Defendant</u>
     <u>Paid Any Sum of Money to Plaintiff</u>

Defendant seeks to exclude any evidence that Defendant and

Plaintiff resolved, without the admission of liability, a Federal

Railroad Safety Act claim brought by Plaintiff against Defendant

before the United States Department of Labor.  Plaintiff does not

oppose this motion.  Therefore, Defendant's Motion in Limine No. 4

is GRANTED.

**B.** **Plaintiff's Motion in Limine**

   1. <u>Any Reference by Defendant to Any Collateral Source</u>
     <u>Payments, Adjustments, or Other Assistance</u>

Plaintiff moves to bar Defendant from making any reference to

any source of third-party or insurance payments, adjustments or

write-downs, or any other financial assistance or services Plaintiff may have received or could receive that were not directly provided by Defendant.  Defendant does not object to this motion to the extent it limits the introduction of such evidence in the presence of the jury.  Defendant persists in its position that Defendant is entitled to post-verdict set-off pursuant to 45 U.S.C. § 55.  In light of Defendant's concession, Plaintiff's Motion in Limine No. 1 is GRANTED.

    2.    <u>Evidence or Argument Related to the Federal Railroad Administration or Any Other Governmental Body</u>

Plaintiff seeks to bar any evidence or argument that the Federal Railroad Administration or any other government body has enforcement jurisdiction over the workplace in question and/or over methods and conditions of work; that the Federal Railroad Administration or other government body has approved or failed to take exception to the workplace in question or the methods and conditions of work; or that Plaintiff's claim in this case is preempted in any manner or is otherwise improper.

Defendant asserts that the Motion is vague but states that

Defendant does not intend to assert that there is any preemption of Plaintiff's claim. In addition, Defendant is not aware of any specific regulation or ruling by the Federal Railroad Administration regarding the availability of or use of available equipment for the performance of Plaintiff's job or Plaintiff's work methods with respect to the work at issue in the instant litigation. Subject to those qualifications, and if Defendant understands the motion in limine accurately, Defendant does not object to Plaintiff's Motion in Limine No. 2.

Subject to Defendant's interpretation of Motion in Limine No. 2, the Court GRANTS Motion in Limine No. 2.

3.   Contributory Negligence

Plaintiff seeks to bar any evidence or argument that Plaintiff was contributorily negligent in using the equipment furnished to him by Defendant. Plaintiff argues that allowing such evidence or argument would suggest that Defendant is not responsible for the safety of the workplace, the safety of the tools and equipment it provided, and/or the safety of the methods and conditions at work.

An employee's contributory negligence does not bar relief

under the FELA but damages are reduced in proportion to the amount of negligence attributable to the employee.  45 U.S.C. § 53 (providing that an employee's contributory negligence does not bar recovery but reduces damages in proportion to the amount of negligence attributable to the employee); <u>Caillouette v. Baltimore & Ohio Chi. Terminal R.R. Co.</u>, 705 F.2d 243, 246 (7th Cir. 1983).  A jury can find contributory negligence if the plaintiff takes actions that "add additional dangers to an already dangerous situation." <u>Gish v. CSX Transp. Inc.</u>, 922 F. 2d 989, 991 (7th Cir. 1989) (finding that a jury could reasonably find contributory negligence where the plaintiff's actions added additional dangers, noting, in part, that plaintiff could have used a car hook or a forklift to remove the manhole instead of the pry bar); Allen Dep. at 35-36 (d/e 20-6). (testifying that Plaintiff decided the equipment he needed for the job and that Allen expected the maintenance crew to use the pickup truck).  If, in fact, Plaintiff had various equipment available to him for the job and had the choice of what equipment to use, evidence that he chose the backhoe could be relevant.

Because contributory negligence can reduce damages,

Plaintiff's Motion in Limine No. 3 is DENIED without prejudice to Plaintiff objecting to such evidence at trial. See Connelly, 874 F.2d at 416 (noting that denial of a motion in limine does not mean that the evidence will be admitted at trial but only that the court could not determine admissibility in advance of trial).

4.    Tort Reform

Plaintiff moves to bar any tort reform arguments.  Defendant does not object.  Plaintiff's Motion in Limine No. 4 is GRANTED.

5.    Offers of Settlement

Plaintiff moves to bar any reference concerning any offers of settlement.  Defendant does not object.  Plaintiff's Motion in Limine No. 5 is GRANTED.

6.    Out-of-Court Statements by Counsel for Plaintiff

Plaintiff moves to bar any out-of-court statements by counsel for Plaintiff.  Defendant does not object.  Plaintiff's Motion in Limine No. 6 is GRANTED.

7.    Evidence or Argument that Money Will Not Undo the Injury or Damage

Plaintiff moves to bar any argument that money will not undo

the injury or damage.  Defendant does not object.  Plaintiff's Motion in Limine No. 7 is GRANTED.

8.    Greed

Plaintiff moves to bar any argument or evidence of greed. Defendant does not object.  Plaintiff's Motion in Limine No. 8 is GRANTED

9.    Assumption of the Risk

Plaintiff moves to bar any evidence, argument, or suggestion that Plaintiff had the option, or should have exercised the option, of refusing to complete the task in the manner prescribed by Defendant.

Defendant recognizes that assumption of the risk is not a viable defense in an FELA case.  Defendant asserts, however, that evidence of alternatives available to Plaintiff regarding the means and methods to perform the assigned work is not the equivalent of an assumption of the risk.  Defendant also argues that the Motion in Limine presumes the existence of a disputed fact—that Defendant proscribed the specific work method.  Defendant argues that there is no basis to adjudicate this preliminary fact upon which

the motion is premised.

An "employee shall not be held to have assumed the risks of his employment."  45 U.S.C. § 54.  The Court cannot determine, prior to trial, the admissibility of the evidence Defendant may seek to present at trial and whether that evidence would suggest that Plaintiff assumed the risk.  The parties dispute whether Defendant required the specific work method or whether Plaintiff had safe alternatives available to him, was aware of the risk, and ignored the safe alternative.  The latter could be admissible as contributory negligence.  Russell v. Nat'l R.R. Passenger Corp., 189 F.3d 590, 595 (7th Cir. 1999) (finding that the district court did not err in refusing to give an instruction to the jury stating that assumption of risk is not a defense where "[the defendant] did not argue that [the plaintiff] assumed the risk of a job for which there were no safe alternatives, but rather that she was aware of the risks, and ignored a safe alternative," which supported a contributory negligence instruction); Edsall v. CSX Transp., Inc., No. 1:06-CV-389m 2008 WL 244344, at *4 (N.D. Ind. Jan. 28, 2008) (evidence that the decision to use the claw bar was the plaintiff's decision did not by

itself implicate the doctrine of assumed risk).

Therefore, Plaintiff's Motion in Limine No. 9 is GRANTED IN PART and DENIED IN PART. While Defendant may not present evidence or argue that Plaintiff assumed the risk, the Court will have to determine at trial whether any specific evidence of contributory negligence is admissible. <u>Connelly</u>, 874 F.2d at 416 (noting that denial of a motion in limine does not mean that the evidence will be admitted at trial but only that the court could not determine admissibility in advance of trial).

10. <u>Americans with Disabilities Act or Other Statute or Regulation</u>

Plaintiff moves to bar suggestions that a hypothetical employer would have or would be required to provide accommodations to Plaintiff pursuant to the Americans with Disabilities Act or any other statute of regulation. Defendant does not object. Plaintiff's Motion in Limine No. 10 is GRANTED.

11. <u>Suggestions that Pain and Suffering or Other Non-Pecuniary Elements of Damage Can be Reduced to Present Value</u>

Plaintiff moves to bar any suggestion that pain and suffering

or other non-pecuniary elements of damage can be reduced to present value. Plaintiff notes that, while pecuniary damages should be reduced to present value, intangible damages cannot be reduced to present value under FELA.

Defendant does not object to the extent it is understood that future economic damages are reduced to present value. With that caveat, Plaintiff's Motion in Limine No. 11 is GRANTED.

12. <u>Evidence or Argument that Plaintiff's Injuries Were Caused by Subsequent Medical Treatment</u>

Plaintiff moves to bar any argument, testimony, or suggestions that Plaintiff's injuries were not caused by the subject incident but by subsequent medical treatment of the injuries he sustained in the incident.

Defendant does not object to the motion insofar as there is any determination that an injury was sustained as a result of the alleged negligence of the railroad in September 2012. Defendant also states that Defendant is not asserting that there was malpractice or professional error related to the care and treatment of the lumbar degenerative changes and the annular tear at issue in

this case.

Plaintiff's Motion in Limine No. 12, which seeks to bar any suggestion that damages should be reduced because they were caused by medical treatment for his injuries, is GRANTED in light of Defendant's concession.

13/15. <u>Past Bad Acts/Prior Discipline/Prior Employment Incidents (No. 13) and Suggestions that Plaintiff Would Have Been Terminated (No. 15).</u>

Plaintiff moves to bar any examination, cross-examination, other questioning, testimony, reference to, argument, or exhibits pertaining to any pre-incident "bad acts," discipline, or other employment incidents (No. 13). Plaintiff also moves to bar any evidence or argument suggesting Plaintiff would have been terminated had he not been injured (No. 15).

Federal Rule of Evidence 404(b) bars evidence of other wrongs or acts:

> Evidence of a crime, wrong or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

Rule 404 also contains certain exceptions. Evidence of other bad

acts is admissible if admitted to show motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. Fed. R. Evid. 404(b)(2). Evidence of a prior crime, wrong, or act may be admitted when:

> (1) the evidence is directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged; (2) the evidence shows that the other act is similar enough and close enough in time to be relevant to the matter in issue; (3) the evidence is sufficient to support a jury finding that the defendant committed the similar act; and (4) the probative value of the evidence is not outweighed by the danger of unfair prejudice.

Treece v. Hochstetler, 213 F.3d 360, 363 (7th Cir. 2000) (quoting United States v. Asher, 178 F. 3d 486, 492 (7th Cir. 1999)).

Defendant argues that evidence regarding the termination is admissible to (1) rebut Plaintiff's claim related to future earnings based upon his earnings with Defendant, and (2) impeach Plaintiff's claim that he sustained a workplace injury in September 2012. Defendant expects to introduce evidence that Plaintiff had disciplinary issues with his supervisor, which ultimately contributed to his termination. Fletcher Dep. at 15-17 (describing

2007 fighting incident, after which Plaintiff signed a document stating if he was ever involved in another altercation with employees or management, he would be terminated); id. at 16 (testifying about November 2013 incident where Plaintiff told a supervisor to "F off").

Defendant argues that a jury could infer from the disciplinary and termination evidence a motive by Plaintiff to fabricate an injury as a result of the accident. Defendant notes that Plaintiff did not procure any medical treatment for the alleged injury for more than a year following the alleged accident. In addition, Defendant asserts that two admissions by Plaintiff in initial medical histories are inconsistent with Plaintiff's claim of an injury onset in September 2012 See Ex C (d/e 20-4) (medical record dated December 12, 2013 wherein Plaintiff complained of back pain and allegedly stated he did not recall any specific injury); (medical record dated February 25, 2014 wherein Plaintiff complained of pain on his right side beginning six months earlier).

Defendant also argues that, if Plaintiff seeks to rely upon his earnings with Defendant for the purpose of supporting a future diminished earning capacity claim, then the facts related to his

disciplinary record and termination are admissible.

The Court will determine at trial whether evidence of Plaintiff's termination should be admitted as it will depend, in part, on what damages Plaintiff seeks. If Plaintiff seeks lost wages for the period subsequent to his discharge, then evidence of his discharge would be relevant. <u>See</u>, <u>e.g.</u>, <u>Ferren v. Nat'l R.R. Passenger Corp.</u>, No. 00 C 2262, 2001 WL 1607586 at *1 (N.D. Ill. Dec. 12, 2001) (finding that evidence of the plaintiff's discharge is relevant if Plaintiff seeks lost wage for the period subsequent to his discharge).

The Court will not allow evidence of the November 2007 incident because such evidence is not relevant. In addition, even if the evidence were relevant, the Court would find that its relevance is outweighed by its prejudice.

Evidence of the 2013 incident between Plaintiff and his supervisor is not relevant. Defendant does not explain why the 2013 incident would be probative to whether Plaintiff fabricated the injury from the accident. Moreover, even if the Court admits the fact of Plaintiff's termination for purposes of damages, the basis for that termination is irrelevant. In addition, even if the 2013 incident

were relevant, the Court would find that its relevance is outweighed by its prejudice.

Therefore, Plaintiff's Motion in Limine No. 13 is GRANTED. Defendant shall not present evidence of the 2007 and 2013 disciplinary incidents. Plaintiff's Motion in Limine No. 15 is DENIED. The Court will determine at trial whether evidence of Plaintiff's termination is relevant to Plaintiff's damages claim.

14. <u>Smoking, Prior or Other Medical Conditions, Family Medical History</u>

Plaintiff moves to bar reference to smoking, any of Plaintiff's prior or other medical conditions, and any reference to his family medical history unless Defendant can show that it has disclosed competent, expert medical testimony to a reasonable degree of medical certainly that any of the foregoing have any relevance to the conditions or pain Plaintiff has suffered and is seeking to recover in this lawsuit and were the entire cause of Plaintiff's injuries. Plaintiff claims that the evidence should be excluded pursuant to Federal Rule of Evidence 401, 402, and 403.

Defendant has no objection to the Motion insofar as it seeks to

bar unrelated medical conditions.  Defendant objects to the extent that Plaintiff seeks to bar evidence of preexisting degenerative changes and prior episodes of low back pain.  Defendant argues that preexisting health conditions are admissible because the testimony could undermine Plaintiff's claim of causation.

Defendant cites the deposition testimony of Plaintiff's witness, Dr. Thomas Lee.  Plaintiff's claimed injury is a L4-5 degenerative disc with annular tears.  Dr. Lee Dep. at 11 (d/e 20-2) (August 2016).  Dr. Lee testified that Plaintiff's annular tears could have pre-existed the events reported to him of September 2012.  Id. at 21 (d/e 20-2).  Dr. Lee also testified that Plaintiff's L4-5 degenerative disc condition could have pre-existed the history of the workplace accident.  Dr. Lee Dep. at 12-13 (d/e 20-3) (July 2016).  Dr. Lee agreed that a person could have pain from a degenerative spine in the absence of "traumatic insult."  Dr. Lee Dep. at 27 (August 2016).  In addition, Plaintiff testified that that he has had a couple of back strains over the years. Pl. Dep. at 38 (d/e 201).  He also testified that some of the work he performed post-accident aggravated his back injury.  Id. at at 60.

On the one hand, a tortfeasor must take his victim as the tortfeasor finds him. <u>Willis v. BNSF Ry. Co.</u> No. 11-1208-2013 WL 5491951, at *1 (C.D. Ill. Oct. 2, 2013) (referring to the eggshell skull doctrine). The defendant is liable for any damages resulting from its wrongful act even if the victim had a preexisting condition that made the consequence of the wrongful act more severe. <u>Id.</u>

On the other hand, a tortfeasor cannot be held responsible for damages the tortfeasor did not cause. <u>Id.</u> A torfeasor is liable for the aggravation of a preexisting condition but only that part of the plaintiff's suffering that was activated or accelerated by the torfeasor's negligence. <u>Id.</u> Therefore, "a plaintiff's damage may be reduced to the extent that his current injuries were the result of a pre-existing condition as opposed to the railroad's negligence." <u>Kelham v. CSX Transp. Inc.</u>, No. 2:12-cv-317, 2015 WL 4525489, at *1 (N.D. Ind. July 27, 2015), <u>aff'd</u> 840 F.3d 469 (7th Cir. 2016). However, if there is no reasonable basis for apportionment, the railroad is liable for the entire injury. <u>Id.</u>

Here, Defendant intends to present evidence of Plaintiff's preexisting condition to rebut causation, negate or reduce damages,

or as impeachment.  If Defendant can lay a proper foundation for the evidence and present such evidence through Dr. Lee or another expert, the evidence is relevant for those purposes.  See Willis v. BNSF Ry. Co., No. 11-1208, 2013 WL 5471889, at *2 (Oct. 2, 2013) (giving as an example a plaintiff with a preexisting deteriorating shoulder condition, and noting that, if the tortfeasor's conduct causes pain to the shoulder, the tortfeasor would be liable for the pain and any acceleration of the condition but not liable for the underlying condition); Hinkle v. Norfolk S. Ry. Co., No. 2:05-cv-574, 2007 WL 496365, at *2 (S.D. Ohio Feb. 12, 2007) (prior medical condition was relevant on the issues of causation and damages where the defendant asserted that the medical condition was exclusively the result of the plaintiff's preexisting medical condition).

Finally, Plaintiff seeks to bar Defendant from presenting any evidence of Plaintiff's smoking.  Defendant asserts that Dr. Lee testified that it was reasonable to consider that a smoking history had a relationship to spine degeneration in general.  Defendant claims the evidence is relevant to Plaintiff's state of ill-being, the

role of any injury to his alleged state of ill-being, and the reasonable medical necessity for any surgical intervention as a result of the alleged occurrence.

At his deposition, Dr. Lee testified that a patient who smokes after back surgery has a decreased rate of success with the surgery. Dr. Lee Dep. at 29 (August 2016) (also testifying that he advised Plaintiff to refrain from smoking post-surgically and, to his knowledge, Plaintiff was compliant). Dr. Lee also agreed that it was a theory that smoking contributes to disc desiccation as one ages but that such theory may not be generally accepted. Dr. Lee Dep. at 14 (July 2016).

The Court finds that evidence of Plaintiff's smoking could be relevant to whether Plaintiff's smoking had any effect on Plaintiff's recovery from back surgery or whether the surgical intervention was successful. Therefore, Plaintiff's Motion in Limine No. 14 is GRANTED IN PART and DENIED IN PART. Evidence of unrelated medical conditions is barred. Evidence of Plaintiff's preexisting degenerative changes, prior episodes of back pain, and history of smoking may be admissible but will be determined at trial. See

<u>Connelly</u>, 874 F.2d at 416 (noting that denial of a motion in limine does not mean that the evidence will be admitted at trial but only that the court could not determine admissibility in advance of trial).

## V. CONCLUSION

For the reasons stated, Plaintiff's Motion in Limine (d/e 13) is GRANTED IN PART and DENIED IN PART. The Court grants Motion in Limine Nos. 1, 2, 4, 5, 6, 7, 8, 10, 11, 12, and 13. The Court denies Motion in Limine Nos. 3, 15. The Court grants in part and denies in part Motions in Limine Nos. 9 and 14.

Defendant's Motion in Limine (d/e 15) is GRANTED IN PART and DENIED IN PART. Motion in Limine Nos. 1 and 4 are GRANTED. Motion in Limine Nos. 2 and 3 are DENIED.

The Final Pretrial Conference remains set for January 5, 2018. The parties shall be prepared to discuss whether the trial should be bifurcated, which may resolve some of the issues raised herein.

**ENTER: September 26, 2017**

**FOR THE COURT:**

*s/Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**