E-FILED
Friday, 18 May, 2018  09:48:34 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| **MARVIN ABERNATHY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| -vs- | ) | **No. 15-cv-3223** |
| | ) | |
| **EASTERN ILLINOIS** | ) | |
| **RAILROAD COMPANY** | ) | |
| | ) | |
| **Defendant.** | ) | |

**OPINION**

This cause is before the Court on Defendant Eastern

Illinois Railroad Company's Objection to Bill of Costs (d/e

69).  On May 4, 2018, the Court held a hearing on the

Objection.  Because Plaintiff Marvin Abernathy is not

entitled to recover the expert witness fees, the Objection is

GRANTED.

**I. BACKGROUND**

On January 18, 2018, a jury returned a verdict in favor of

Plaintiff and against Defendant in the amount of $525,000.

Judgment was entered on January 22, 2018.  On February 15,

2018, Defendant filed a Motion for Judgment as a Matter of Law or, Alternatively, Motion for New Trial (d/e 57), which the Court denied on April 13, 2018.

On March 16, 2018, Plaintiff filed a Bill of Costs.[1] Plaintiff seeks costs totaling $8,166.44, which includes $3,800 for fees of witnesses. Specifically, Plaintiff seeks witness fees Plaintiff paid to Dr. Thomas Lee for his depositions on August 25, 2016 and October 5, 2017 and to Dr. Renu Bajaj for her deposition on October 25, 2017. Plaintiff presented the testimony of both doctors at trial in the form of those depositions. Plaintiff's counsel confirmed at the May 4, 2018 hearing that the three depositions for which Plaintiff seeks witness fees were depositions sought by Plaintiff.[2]

Defendant objects to Plaintiff's request for witness fees in the amount of $3,800. Defendant argues that witness fees for expert

---

[1] The Bill of Costs is due within 30 days of the entry of judgment. CDIL-LR 54.1(a). Filing a timely motion under Rule 59 suspends the judgment's finality, which means the time for filing the Bill of Costs does not begin until the district judge resolves the Rule 59 motion. Nat'l Organization for Women, Inc. v. Scheidler, 750 F.3d 696, 698 (7th Cir. 2014). Defendant filed a timely Rule 59 motion, which the Court denied in April 13, 2018.

[2] Defendant deposed Dr. Lee on July 26, 2016 and paid Dr. Lee's witness fee for that deposition.

witnesses cannot be taxed in excess of the amount allowed by 28 U.S.C. § 1821, which is $40, unless the witness is a court-appointed expert. According to Defendant, taxable witness fees are limited to $40 each for Dr. Lee's two depositions and Dr. Bajaj's deposition, for a total of $120.

## II. ANALYSIS

Under Federal Rule of Civil Procedure 54(d)(1), costs other than attorney's fees shall be allowed to the prevailing party unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise. Fed.R.Civ.P. 54(d)(1). While the presumption is that costs will be awarded to the prevailing party, a district court has the discretion to direct otherwise. Rivera v. City of Chi., 469 F.3d 631, 634 (7th Cir. 2006).

Awardable costs under Rule 54 are listed in 28 U.S.C. § 1920, which includes costs for fees and disbursements for printing and witnesses. 28 U.S.C. § 1920(3); see also 28 U.S.C. § 1920(6) (providing for compensation of court appointed experts). Section 1821(a)(1) and (b) of Title 28 of the United States Code limits witness fees for attendance at trial or deposition to $40:

(a)(1) Except as otherwise provided by law, a witness in attendance at any court of the United States, or before a United States Magistrate Judge, or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States, shall be paid the fees and allowances provided by this section.

* * *

(b) A witness shall be paid an attendance fee of $40 per day for each day's attendance.

28 U.S.C. § 1821(a)(1), (b); see also Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 442 (1987) (holding that "a federal court may tax expert witness fees in excess of the $30-per-day limit [(now $40)]set out in § 1821(b) only when the witness is court-appointed").

Defendant argues that, pursuant to § 1821, Dr. Lee and Dr. Bajaj are only entitled to the $40 witness fee for attendance at their depositions. Plaintiff disagrees, relying on an Eighth Circuit case, Stanley v. Cottrell, Inc., 784 F.3d 454 (8th Cir. 2015), which held that Federal Rule of Civil Procedure 26(b)(4)(E) requires that a district court order the party seeking discovery to pay the expert a reasonable fee for time spent responding to discovery. Pl. Mem. at 5; see also Stanley, 784 F.3d at 464-65 (finding the district court

did not err in awarding the defendant $975 in expert witness fees for the costs related to the deposition of the plaintiff's expert).

Federal Rule of Civil Procedure 26(b)(4)(A) provides that "a party may depose any person who has been identified as an expert whose opinion may be presented at trial."  Rule 26(b)(4)(E) provides that the district court "must require that the party seeking discovery . . . pay the expert a reasonable fee for time spent in responding to discovery" unless manifest injustice would result. Fed.R.Civ.P. 26(b)(4)(E); See also Advisory Committee Notes, 1993 Amendment ("Concerns regarding the expense of [expert witness depositions] should be mitigated by the fact that the expert's fees for the deposition will ordinarily be borne by the party taking the deposition.").

Defendant argues that the United States Supreme Court's decision in Crawford controls.  In Crawford, the Supreme Court held that "absent explicit statutory or contractual authorization for the taxation of expenses of a litigant's witness as costs, federal courts are bound by the limitations set out in 28 U.S.C. § 1821 and § 1920."  Crawford, 482 U.S. at 445.

However, the Seventh Circuit found explicit statutory authorization for expert witness fees in Rule 26 in <u>Halasa v. ITT Educ. Servs., Inc.</u>, 690 F.3d 844, 852 (7th Cir.2012). In <u>Halasa</u>, the Seventh Circuit discussed the legislative history of § 1821 and its 1959 amendment, as well as Rule 26 and its 1993 and 2010 amendments. <u>Halasa</u>, 680 F. 3d at 850. The Court focused on the language in § 1821 stating, "[e]xcept as otherwise provided by law." <u>Id.</u> at 852. The Court found that such language supported the interpretation that "Rule 26, the later-enacted of the two, does 'otherwise provide[ ].'" <u>Id.</u> at 852. Consequently, the Seventh Circuit concluded that "the flexible authorization for a reasonable fee contained in Rule 26 supersedes the specific schedule outlined in § 1821(b)." <u>Id.</u> That is, "certain expenses and fees associated with experts are not capped by § 1821 when recovered under Rule 26." <u>Id.</u> Moreover, the Seventh Circuit held that a party need not seek fees under Rule 26 until the party files the Bill of Costs. <u>Id.</u> (agreeing "with the district court that the fact that [the defendant] did not seek these fees until it filed its bill of costs is of no moment; its request was timely").

Applying Rule 26(b)(4)(E) here, the question is whether Defendant was the party seeking discovery such that Defendant must pay the reasonable fees of Dr. Lee and Dr. Bajaj for the Augugst 25, 2016, October 5, 2017, and October 25, 2017 depositions.  See Poulter v. Cottrell, Inc., No. 12-cv-1071, 2017 WL 2445129, at *7 (N.D. Ill. June 6, 2017) (Tharp, Jr., J.) (holding that the defendant could only recover the $40 witness fee provided by § 1821; the defendant deposed the doctor and used his testimony at trial; therefore, it was the defendant who sought the discovery and who must pay the reasonable costs under Rule 26), appeal filed. Based on the parties' representations at the May 4, 2018 hearing, Plaintiff was the party seeking the depositions of Dr. Lee on August 25, 2016 and October 5, 2017 and Dr. Bajaj on October 25, 2017. Therefore, Defendant was not the party seeking discovery and is not required to pay those fees under Rule 26(b)(4)(E).  Plaintiff is only entitled to the $40 witness fee for each of those depositions pursuant to 28 U.S.C. § 1821(b).  Although this Court believes the better rule would be to allow the prevailing party to recover all expert fees as costs, the Court is constrained by the statute.

## III. CONCLUSION

Defendant's Objection to Bill of Costs (d/e 69) is GRANTED.

Plaintiff is only entitled to witness fees totaling $120, not $3,800.

The Court awards costs to Plaintiff in the total amount of

$4,486.44.

**ENTERED: May 15, 2018**


**FOR THE COURT:**


**s/Sue E. Myerscough**
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**